UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| DALE WESLEY CHAPMAN, | § | CASE NO. 19-70333 |
|     Debtor. | § | CHAPTER 7 |

---

| | | |
|---|---|---|
| CATHERINE STONE CURTIS, | § | |
| TRUSTEE, | § | |
|     Plaintiff, | § | ADV. NO. 20-07003 |
| v. | § | |
| | § | |
| HERBERT R. SCURLOCK, III, | § | |
| INDIVIDUALLY AND IN HIS CAPACITY | § | |
| AS TRUSTEE OF THE CHAPMAN | § | |
| FAMILY TRUST, SHARI ANN MOORE, | § | |
| TARI A. GARCIA, TAMI J. ALBREKTSEN, | § | |
| THOMAS T. SCURLOCK, AND | § | |
| LORI M. MARTIN, | § | |
|     Defendants. | § | |

**DEFENDANTS' SUPPLEMENT TO THEIR
12(b)(6) MOTION TO DISMISS**

Defendants Herbert R. Scurlock, III, individually and as Trustee of the Chapman Family Trust, Shari Ann Moore, Tari A. Garcia, Tami J. Albreksten, Thomas T. Scurlock and Lori M. Martin ("**Defendants**"), file this supplement to their motion to dismiss the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state any claims on which relief can be granted.

    1.    Defendants assert as to the Plaintiff's amended complaint all grounds for dismissal asserted in their motion to dismiss the Plaintiff's original complaint.

    2.    As the Plaintiff recognized by amending her complaint to substitute the trustee of the trust as a defendant instead of the trust itself, Texas law does not permit a trust to be sued as a separate entity. Lawsuits affecting a trust can only be brought by naming the trustee as the defendant. This means the Chapman Family Trust cannot be sued as an "insider" for recovery of

any preferences or fraudulent conveyances, because it cannot be sued at all. Only the trustee can be sued, and as shown conclusively in the Defendants' motion to dismiss, neither the trustee or any other defendant were "insiders" of the Debtor at either the date of the challenged transfer, the date the Debtor filed bankruptcy, or the date this lawsuit was filed. It is beyond dispute that none of the Defendants were "insiders" of the Debtor for many years before any of these events occurred.

3. That the trust itself cannot be an insider is consistent with the Supreme Court's jurisprudence on diversity jurisdiction involving trusts. In *Americold Realty Trust v. Conagra Foods, Inc.,* 136 S. Ct. 1012 (2016), the Supreme Court explained that the citizenship of a traditional trust like the Chapman Family Trust is determined solely by the citizenship of the trustee, not by the citizenship of the trust itself:

> Traditionally, a trust was not considered a distinct legal entity, but a 'fiduciary relationship' between multiple people. Such a relationship was *not* a thing that could be haled into court; legal proceedings involving a trust were brought by or against the trustees in their own name.

*Id.* at 1016 (internal citations omitted, emphasis added). Texas law conforms to the "relationship" theory of traditional trusts as described in *Americold*, as opposed to an "entity" theory, where the trust itself might sue or be sued. *See Hollis v. Lynch*, No. 15-10803, 2016 WL 3568063, at *4 (5th Cir. June 30, 2016) ("While in some jurisdictions trusts have a separate legal existence, Texas is not one of those.").[1]

---

[1] *"Well-settled law requires a suit against a trust to be brought against its legal representative, the trustee." In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, orig. proceeding) (granting mandamus and vacating judgment against a trust as void because the trustee was not joined as a party in his capacity as trustee of the trust.); a*ccord, In re Guetersloh*, 326 S.W.3d 737, 739 (Tex. App.—Amarillo 2010, orig. proceeding) ("[S]uits against a trust must be brought against the trustee."). Similarly, a decedent's estate is not a legal entity that can sue or be sued. *See Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987) (holding that estate is not legal entity and cannot be sued in that capacity); *Casillas v. Cano*, 79 S.W.3d 587, 590 (Tex. App.—Corpus Christi 2002, no pet.) (holding that "[a]n estate is not a legal entity and

4. Thus in this lawsuit, the status of the Chapman Family Trust itself as a supposed "insider" to the Debtor, because he was once a trustee, cannot be considered at all because the trust is not an independent party that can be sued.  The only person that matters when determining the existence of insider status is the current trustee Mr. Scurlock, who has shown, as a matter of law, along with all the other defendants, that they were not insiders of the Debtor for many years before the date of the transfer.  As a result, the Plaintiff's §547 preference claim was untimely filed and must be dismissed, as the transfer occurred more than 90 days before the petition date and none of the Defendants were insiders of the Debtor.

5. Plaintiff's response brief cites a case from the bankruptcy court of the Eastern District of Texas that appears to hold to the contrary, but that opinion is neither controlling or persuasive. *Chow v. Prince (In re: Prince)*, 2012 WL 1095506 (Bankr. E.D. Texas, March 30, 2012)(Rhoades, j.) (copy attached).

6. In *Chow v. Prince*, the debtor was the Trustor of the trust and in that capacity had the power under the trust document to remove the existing trustee and appoint himself, which he did.[2] *Id.* at *5 and n.5. All but one of the multiple real estate transfers under attack were transfers from either the Debtor himself, or from a corporate entity that he controlled, to a trust for which he was the settlor, a beneficiary, and for which either he or his wife was trustee. *Id.* at *2. Thus the court's reasoning in *Chow v. Prince* would be better grounded by a finding that either the debtor himself or his wife as the trustee of the trust was the legal recipient of the transfers, as opposed to a finding that trust itself was an "insider" of the debtor. Moreover, the court's statements about insider status

---

therefore cannot sue or be sued" in concluding that estate was not proper party to appeal where appellant died during pendency of case).

[2] The removed trustee was the Debtor's wife.

Supplement to Rule 12(b)(6) M Dismiss           3

of the trust are distinguishable from this lawsuit because the supposed insider status of the trust in *Chow v. Prince* was considered in connection with determining the existence of badges of fraud, not in connection with determining whether the lawsuit had been timely filed under the controlling statute.  In fact, if the Plaintiff's interpretation of *Chow v. Prince* were correct, Judge Rhoades must have erred in her application of well-settled Texas law on the relationship theory of trusts.[3]

7.  **No facts plead – antecedent debt.**  Counts I and V of Plaintiff's amended complaint under 11 U.S.C. §547 and under Texas Business & Commerce Code § 24.006(b) must both be dismissed because the amended complaint fails to state any facts supporting the bare allegation of the existence of an antecedent debt.  Although the Complaint does state that an antecedent debt existed (see Complaint ¶¶ 34 & 55), no *facts* are plead to support those bald allegations.

> "To survive a motion to dismiss, a complaint must contain sufficient ***factual matter*** which, when taken as true, states 'a claim to relief that is plausible on its face.' " *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads ***factual content*** that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations," but the ***facts alleged*** "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing 5 WRIGHT & MILLER, FED. PRAC. & PROC. § 1216, 235–36 (3d ed. 2004)).

*Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765-66 (5th Cir. 2019)(emphasis added). Both 11 U.S.C. § 547 and Texas Business & Commerce Code § 24.006(b) included as a required element the existence of an antecedent debt.  Absent plausibly plead <u>facts</u> supporting the existence of an antecedent debt, Counts I and V of the amended complaint must be dismissed.

For all the foregoing reasons, and for all the reasons stated in their motion to dismiss, Defendants ask the Court to dismiss the Plaintiff's Amended Complaint pursuant to Federal Rule

---

[3] It is unclear from the opinion whether the fact that Mr. Prince was already in jail for bankruptcy fraud had any influence on Judge Rhoades' decision.  See *Id.* at *3.

of Civil Procedure 12(b)(6) with prejudice, and without leave to amend, and for any further relief at law or equity which Defendants are justly entitled.

Respectfully submitted,

*/s/ Nathaniel Peter Holzer*
Nathaniel Peter Holzer
State Bar No. 00793971
**Jordan Holzer & Ortiz, PC**
500 N. Shoreline Blvd., Ste. 900
Corpus Christi, TX 78401
Ph: 361.884.5678
Fax: 361.888.5555
pholzer@jhwclaw.com
**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on counsel for Plaintiff as shown below via the Court's electronic noticing system on December 7, 2020.

Marc Douglas Myers
**Ross, Banks, May, Cron & Cavin, PC**
7700 San Felipe, Suite 550
Houston, TX 77063
mmyers@rossbanks.com

*/s/ Nathaniel Peter Holzer*
Nathaniel Peter Holzer
